IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERARD POTTS, | : | Civil No. 3:23-cv-1835 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| JERRY NOTARIANNI, DEBI | : | |
| DOMENICK, ESQ., CHRIS CHERMAK, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

Presently before the Court is a civil rights complaint pursuant to 42 U.S.C. § 1983,

filed by Gerard Potts ("Potts"), an inmate confined at the Lackawanna County Prison, in

Scranton, Pennsylvania. (Doc. 1). The complaint is presently before the Court for

preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below,

the Court will dismiss the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and 28

U.S.C. § 1915A(b)(1).

I.    **Legal Standards**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26,

1996), authorizes a district court to review a complaint in a civil action in which a prisoner is

proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.

*See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

3

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Potts proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.   Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within

the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"As a rule, habeas petitions and § 1983 complaints are not 'coextensive either in purpose or effect.'  Where a state prisoner seeks to attack the fact or duration of his conviction or sentence, he must seek relief through a habeas petition, not a § 1983 complaint." *Rushing v. Pennsylvania*, 2016 WL 25579, at *2-3 (3d Cir. 2016) (quoting *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002)); *see also Strickland v. Washington*, 466 U.S. 668 (1984).  "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer*, 288 F.3d at 540 (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other

harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-487.  When a state prisoner seeks damages in a § 1983 suit, the district court must evaluate whether judgment in the plaintiff's favor would necessarily imply the invalidity of his or her sentence. *Id.* at 487.  If it would, and the sentence has not already been invalidated, the complaint must be dismissed. *Id.*

Potts, who identifies himself as a Moroccan diplomat and sovereign citizen[1], commenced this § 1983 action against Lackawanna County Commissioners Jerry Notarianni, Debi Domenick, and Chris Chermak.  The complaint, even when liberally construed, is frivolous and fails to state a legal basis for a § 1983 claim.  Potts appears to collaterally attack his conviction and sentence imposed by the Lackawanna County Court of

---

[1]   Individuals identifying themselves as "[s]o-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States Citizens." *Pinckney v. U.S. Gov't—I.R.S.*, No. 2:19-CV-3046, 2020 WL 3474011, at *3 (D.S.C. Jan. 27, 2020), *report and recommendation adopted*, 2020 WL 3473584 (D.S.C. June 25, 2020).  These purported "sovereign citizens" "believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *White v. Tennessee*, No. 14-CV-115, 2014 WL 3908203, at *4 (E.D. Tenn. Aug. 11, 2014) (quoting *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013)).  Courts confronted with sovereign citizens' legal theories "summarily reject[ ]" them as frivolous. *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013); *see also United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.  These theories should be rejected summarily, however they are presented.").

Common Pleas.[2]  He asserts that he is being "incarcerated unlawfully and currently detained as a private lien holder and 10th amendment sovereign and 14th amendment citizen by law." (Doc. 1, p. 1).  He explains that as a Fourteenth Amendment citizen, he is entitled to immunity, that "[n]o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States," and that he is "being held unlawfully at Lackawanna County Prison." (*Id.* at p. 12).  Potts also appears to challenge the terms of his supervision. (*Id.* at pp. 16-17).  Because Potts seemingly challenges the duration of his confinement and seeks release from custody, such relief is not available via § 1983.  Furthermore, to the extent that Potts seeks damages, a favorable outcome on a damages claim would necessarily imply the invalidity of his criminal conviction.  Consequently, Potts' § 1983 claim cannot proceed until his conviction and sentence are invalidated through a habeas corpus action or some other appropriate means.  Therefore, the complaint must be dismissed.

---

[2]    An electronic search via the Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us/CaseSearch, reveals that in October of 2023, Potts was sentenced in three county court cases—in criminal docket CP-35-CR-0002403-2021, he was found guilty of providing false identification to a law enforcement officer, driving an unregistered vehicle, operating a vehicle without valid inspection, evidence of emission inspection, and driving with a suspended or revoked license, and was sentenced to six months' probation; in criminal docket CP-35-CR-0002405-2021, he entered a no contest plea to two counts of disorderly conduct and was sentenced to a consecutive term of ninety days' probation; and in criminal docket CP-35-CR-0002061-2022, he was found guilty of criminal mischief/tampering with property and was sentenced to ninety days' probation.  The entirety of Potts' orders of probation were imposed concurrently.

III.    **Leave to Amend**

The Court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of Potts.  *See Erickson v. Pardus*, 551 U.S. 89 (2007).  The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile."  *Phillips*, 515 F.3d at (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).  Based on the nature of the allegations, it is clear that affording Potts leave to amend would be futile.

IV.    **Conclusion**

Based on the foregoing, the Court is confident that service of process is unwarranted in this case, and the complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (iii) and 28 U.S.C. § 1915A(b)(1).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: November _12_, 2023